WHITE *v.* BOARD OF SUPERVISORS OF PONTOTOC COUNTY.

(In Banc.   Dec. 20, 1941.)

[5 So. (2d) 233.   No. 34763.]

Hugh N. Clayton, of New Albany, for appellant.

328

William **H. Inzer**, of Pontotoc, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

A petition signed by qualified electors of the Thaxton Consolidated School District in Pontotoc County was filed with the board of trustees of the district under Chapter 46, Laws Extraordinary Session 1938, praying that a loan not exceeding $2,000 be negotiated "to be used in the construction, repair, and the equipping of the buildings of said district." This petition was approved by the school board and its order so doing was filed with the board of supervisors of the county. Pending action on this order by the board of supervisors, another petition was filed with the board of trustees which referred

to the former petition and prayed for the making of the loan therein set forth "to be used for the purpose of the construction of a physical education building . . .. and the equipping of the same and for other repairs of the school buildings of the district." The board of supervisors approved the making of this loan and directed that the $2,000 "be used exclusively for the purpose of constructing and equipping a physical education building and for the repair of said buildings of the district." An appeal was taken by the appellant from this order to the court below, as provided by Section 61, Code of 1930, under which the court below should have either affirmed or reversed the order of the board of supervisors. Instead of doing either, the court dismissed the appeal. Counsel for neither of the parties hereto make any objection to this method of disposing of the order, and for the purpose of this appeal only, we will treat it as the equivalent of a judgment affirming the order.

Counsel for the appellant make quite a number of objections to this order of the board of supervisors, but the conclusion at which we have arrived as to one of them will effectually dispose of the case; consequently, no notice will be taken of the others. Section 2, Chapter 46, Laws Extraordinary Session 1938, requires the board of trustees of the consolidated school district, when affirming a petition of this character, to adopt "a resolution declaring the necessity for such loan, specifying the amount of the loan, the rate of interest, date or dates of maturity of the loan, and how it is to be evidenced, and the nature and cost of the improvements to be constructed or the repairs to be made or the equipment or fixtures to be purchased; . . ." Section 3 of the Act permits the board of supervisors to authorize the loan prayed for "if the facts set forth therein [resolution of the board of trustees] be found to exist." The resolution of this board of trustees wholly fails to set forth what it would cost to construct and equip the intended physical education building and to repair the other buildings of the district.

It does set forth the amount of the loan desired, and counsel for the appellee say that this sufficiently complies with the statute, but we are unable to so hold. The statute, after expressly requiring the amount of the loan to be specified, proceeds to specifically require the order, in addition thereto, to set forth "the nature and cost of the improvements to be constructed or the repairs to be made or the equipment or fixtures to be purchased." This quoted language would have to be eliminated from the statute by construction in order to uphold the contention of counsel for the appellee.

The court below should have reversed the order of the board of supervisors and, under Section 61 of the Code, entered the order which the board should have, i. e. disapproving the request for the making of the loan. The judgment of the court below will be reserved and the judgment which the court below should have rendered will be rendered here.

So ordered.